■     OLD WESTBURY GOLF AND COUNTRY CLUB, INC., Plaintiff, v. WILLIAM F. MITCHELL, Defendant, and TRAVELERS INDEMNITY COMPANY, Defendant and Third-Party Plaintiff-Appellant. EVANS PIPE COMPANY, Third-Party Defendant-Respondent. — In an action by a country club against a general contractor and his surety to recover damages for breach of contract by reason of the defective construction of a golf course, in which the surety commenced a third-party action against the Evans Pipe Company (an Ohio corporation), as third-party defendant, alleging that any recoverable damage was due to defective pipe furnished by said third-party defendant, the surety, as third-party plaintiff, appeals from an order of the Supreme Court, Nassau County, entered December 16, 1964, which granted the third-party defendant's motion to quash the service of third-party process and to dismiss the third-party complaint (see 44 Misc 2d 687). Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Brennan, Hill and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to deny the third-party defendant's motion, with the following memorandum: In my opinion, questions of fact which cannot be determined on the affidavits are presented for trial. Those questions relate to the issue whether the third-party defendant was doing business in this State within the intent and scope of the statute (CPLR 302, subd. [a], par. 1). Among others, the questions of fact are: (1) whether the third-party defendant had had dealings with the defendant Mitchell in New York before the transaction in suit; (2) what dealings the third-party defendant had had in New York with the defendant Mitchell concerning the transaction in suit; and (3) what dealings the third-party defendant had had in New York with the defendant Mitchell to obtain payment under the contract arising from the transaction in suit (cf. *Singer* v. *Walker,* 21 A D 2d 285).